IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIARA SIBERT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE SELECT INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:22-cv-01179<br>Judge Lydia Kay Griggsby |

## DEFENDANT'S MOTION FOR STAY

Defendant Progressive Select Insurance Company ("Progressive") moves to stay this case pending a ruling from the Fourth Circuit Court of Appeals in *Progressive Direct Ins. Co. v. Freeman*, No. 24-1684 (4th Cir. 2024) (the "*Freeman* Appeal"). Counsel for the parties met and conferred regarding the relief sought in this motion and were unable to reach a resolution.

The *Freeman* Appeal is an interlocutory appeal of an order granting class certification in a substantially similar case from the District of South Carolina involving the same claims and legal theories, the same counsel, and the same expert witnesses. *See Freeman v. Progressive Direct Ins. Co.*, No. 1:21-CV-03798-DCC, 2024 WL 2044782 (D.S.C. May 8, 2024). The Fourth Circuit's ruling in the *Freeman* Appeal will undoubtedly inform and may well be dispositive of the propriety of class certification in this case. The ruling in the *Freeman* Appeal will also be binding on this Court. *See United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court."); *Richmond Med. Ctr. for Women v. Gilmore*, 55 F. Supp. 2d 441, 458 (E.D. Va. 1999), *aff'd*, 224 F.3d 337 (4th Cir. 2000) ("When a decision of an appellate court establishes the 'law of

the case,' it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal…") (internal citations and omitted). Although this Court recently held its decision on the parties' class certification briefs in abeyance, a stay will nevertheless conserve significant resources that would otherwise be spent on briefing motions for summary judgment and motions to exclude, will promote judicial economy, and will allow the parties and the Court to account for controlling and potentially dispositive Fourth Circuit precedent.

For the reasons set out in the accompanying memorandum of law, Defendant respectfully requests that the Court stay this case, including all forthcoming deadlines, pending a final resolution of the *Freeman* Appeal.

Dated July 31, 2024.                                     Respectfully submitted by,

*/s/ Taylor T. Lankford*
Taylor T. Lankford

**KING & SPALDING LLP**

Jeffrey S. Cashdan (pro hac vice)
Zachary A McEntyre (pro hac vice)
James Matthew Brigman (pro hac vice)
Allison Hill White (pro hac vice)
Logan R. Hobson (pro hac vice)
Allexia Bowman Arnold (pro hac vice)
1180 Peachtree Street, N.E.
Suite 1600
Atlanta, GA 30309
Phone: 404-572-3584
jcashdan@kslaw.com
zmcentyre@kslaw.com
mbrigman@kslaw.com
awhite@kslaw.com
lhobson@kslaw.com
aarnold@kslaw.com

Julia C. Barrett (pro hac vice)
500 W. 2nd Street
Suite 1800
Austin, TX 78701

Phone: 512-457-2053
jbarrett@kslaw.com

Taylor T. Lankford (Bar No. 20169)
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006-4707
Telephone: (202) 737-0500
Facsimile:  (202) 626-3737
tlankford@kslaw.com

## **CERTIFICATE OF SERVICE**

I, Taylor T. Lankford, hereby certify that on this date, July 31, 2024, I caused the foregoing ***Defendant's Motion for Stay*** to be filed with the Clerk of the Court via the Court's CM/ECF system, which will provide electronic mail notice to all counsel of record.

*/s/ Taylor T. Lankford*
Taylor T. Lankford
