# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIARA SIBERT, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE SELECT INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:22-cv-01179<br>Judge Lydia Kay Griggsby |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR STAY

Defendant Progressive Select Insurance Company ("Progressive") moves to stay this case pending a ruling from the Fourth Circuit Court of Appeals on the order granting class certification in *Progressive Direct Ins. Co. v. Freeman*, No. 24-1684 (4th Cir. 2024) (the "*Freeman* Appeal").

1

## BACKGROUND

**I.      Procedural History**

Plaintiff Kiara Sibert filed this putative class action against Progressive Select in May 2022 challenging its method of estimating the actual cash value ("ACV") of total-loss vehicles. *See* Dkt. 1 ¶ 1. Progressive licenses a software from Mitchell International, Inc. called WorkCenter Total Loss ("WCTL"), which Progressive uses to adjust total-loss claims. Plaintiff challenges WCTL's application of a "Projected Sold Adjustment" ("PSA") to the list price of comparable vehicles to estimate the amount for which those vehicles would sell. *Id.* ¶¶ 1, 4. She alleges, among other things, that the PSA is "deceptive," "contrary to appraisal standards and methodologies," and "contrary to the used car industry's market pricing and inventory management practices." *Id.* ¶ 1. The complaint asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment. *Id*. ¶¶ 35–66. Thereafter, Plaintiff amended her complaint, limiting her claims to just breach of contract and declaratory judgment. Dkt. 23 ¶¶ 58–70. Progressive answered Plaintiff's claims on August 12, 2022. Dkt. 29.

Discovery began in October 2022 and closed in April 2024. Dkts. 31 & 66. On October 27, 2023, Plaintiff Sibert moved to certify a class of Progressive Select insureds in Maryland with total-loss claims paid based on a WCTL valuation report with a PSA. Dkts. 58 & 58-2. In support of class certification, Plaintiff relies on the testimony of four expert witnesses. Dkts. 59-5 (Dr. Michelle Lacey), 59-6 (Kirk Felix), 58-11 (Jason Merritt), & 58-13 (Jeffrey Martin). Progressive filed its opposition to class certification and expert reports on January 19, 2024. Dkts. 68, 69-1 (Dr. Jonathan Walker), 68-18 (Marc Spizzirri), & 68-21 (David Kinney). Plaintiff's reply in support of class certification was filed on June 7, 2024. Dkt. 76. Plaintiff's motion is still pending

before the Court but is in abeyance awaiting briefing and a decision on Progressive's forthcoming motion for summary judgment.

On May 16, 2024, Progressive filed a notice of its intent to bring a summary judgment motion and setting out a proposed briefing schedule for the parties' motions to exclude experts and motion for summary judgment. Dkt. 84. In response, this Court issued an order holding Plaintiff's motion for class certification in abeyance pending the resolution of the motion for summary judgment and granting the proposed schedule. Dkt. 85. Progressive's summary judgment motion is presently due to be filed on September 6, 2024. *Id.*

## II. The *Freeman* Case

In October 2021, the same Plaintiffs' counsel that filed this action also filed a case in state court in South Carolina against another Progressive affiliate, Progressive Direct Insurance Company ("Progressive Direct"). *See Freeman v. Progressive Direct Ins. Co.*, No. 1:21-CV-03798-DCC, ECF 1-1 (D.S.C. Nov. 19, 2024) (bringing putative class action in the Court of Common Pleas for the Second Judicial Circuit in Aiken County) (the "*Freeman* Case"). Progressive removed the case to the District of South Carolina, where it is pending before the Honorable Donald C. Coggins, Jr. *Freeman*, ECF 1 (D.S.C. Nov. 19, 2021). Plaintiff Freeman similarly challenges the application of the PSA. *Id.* ¶¶ 1–2.

Indeed, the *Freeman* complaint is nearly identical to the complaint filed in this case, alleging PSAs are "arbitrary" and "systemically" used by Progressive to under-value total-loss vehicles. *Id.* ¶¶ 1, 3, 22, 30. *Compare* Dkts. 1 & 23, *with Freeman*, ECF 1-1. The *Freeman* complaint also asserts claims for breach of contract and declaratory judgment. *Id.* ¶¶ 34–44. Fact discovery began in *Freeman* in December 2021. *Freeman*, ECF 24. It closed on August 1, 2022. *Freeman*, ECF 52.

3

Plaintiff Freeman moved to certify a class on September 30, 2022. *Freeman,* ECF 50. The *Freeman* class comprises all insureds who had a first-party total-loss claim under an South Carolina insurance policy and were compensated based on a Mitchell valuation report that included a PSA. *Id.* at 3. This definition is nearly word-for-word what was proposed in Plaintiff's class certification brief here. Dkt. 59-5, Lacey Rpt. at Exhibit 2 (seeking to certify a class of Maryland insureds where "Progressive determined that the vehicle was a total loss and based its claim payment on an Instant Report from Mitchell where a [PSA] was applied…"). As here, the *Freeman* plaintiff claims that class certification is appropriate under Rule 23(b)(3) based on their contention that the PSA was "baseless and [] invalid" because a negotiation adjustment is "not reflective of the used car market." *Freeman*, ECF 50 at 23–25. She also similarly alleges that by applying the PSA, Progressive is "not considering market value, but was instead considering an artificially deflated value less than market value." *Id.* at 29. Relying on the same experts and testimony as in this case, the *Freeman* plaintiff argued she could prove the true market value of every class member's vehicle by simply removing the PSA. *Id.* at 25–30.

Progressive Direct opposed class certification in *Freeman* on numerous grounds, including predominance. *See generally Freeman*, ECF 61. Much like the arguments before this Court, Progressive Direct argued that the central question in *Freeman* is whether it paid Plaintiff (and each class member) less than their vehicle's ACV. *Id.* at 18–21. Progressive Direct also argued that estimating the ACV of a class member's vehicle is a fundamentally individualized inquiry that depends on unique, vehicle-specific and claim-specific evidence. *Id.* at 21–32.

The district court in *Freeman* granted the plaintiff's motion for class certification. *Freeman*, 2024 WL 2044782 (D.S.C. May 8, 2024). Relying heavily on a decision in a case from another district, *Drummond v. Progressive Specialty Insurance Company*, No. CV 21-4479, 2023

4

WL 5181596 (E.D. Pa. Aug. 11, 2023), the *Freeman* court found that the question is not whether Plaintiff was paid less than ACV, in violation of her Policy, but rather "the question is whether the PSA should be applied at all." *Id*. at *14.

On May 22, 2024, Progressive filed a petition for interlocutory review. *See Progressive Direct Ins. Co. v. Freeman*, No. 24-177, ECF 2 (4th Cir. 2024). The question presented was whether "the district court err[ed] by ruling, contrary to what many other federal courts have held in similar insurance-valuation cases, that common questions predominate even though Plaintiff cannot establish Article III standing, liability, or damages without an individualized inquiry into the actual cash value of each class member's vehicle[.]" *Id.* at 13. This week, the Fourth Circuit Court of Appeals granted Progressive's petition and docketed the appeal. *See* Order, *Progressive Direct Ins. Co. v. Freeman*, No. 24-177, ECF 37 (4th Cir. July 24, 2024).

This is now the fourth U.S. Court of Appeals to take up these issues. *See Progressive Specialty Ins. Co. v. Drummond*, No. 23-8035 (3d Cir. 2024) (granting Progressive's petition for review of grant of class certification); *Progressive Paloverde Ins. Co., et al. v. Schroeder, et al.*, No. 24-1559 (7th Cir. 2024) (same); *Ambrosio, et al. v. Progressive Preferred Ins. Co., et al.*, No. 24-2708 (9th Cir. Apr. 8, 2024) (granting plaintiffs' petition for review of denial of class certification).[1]

As set forth below, this case should be stayed pending the Fourth Circuit's resolution of the *Freeman* Appeal.

---

[1] In addition, the Court of Appeals for the Sixth Circuit has granted State Farm's appeal of an order granting class certification in *Clippinger v. State Farm Mutual Automobile Insurance Company*, No. 2:20-CV-02482-TLP-CGC, 2023 WL 7213796 (W.D. Tenn. Aug. 25, 2023), which similarly argues—in a case brought by the same plaintiffs' counsel, relying on the same experts—that the application of a "Typical Negotiation Adjustment" by Mitchell competitor Audatex breaches State Farm's policies with insureds. *In re State Farm Mut. Auto. Ins. Co*, No. 23-0508 (6th Cir. 2024).

5

**LEGAL STANDARD**

"The power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 730–31 (D. Md. 2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its docket.")). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted. *Int'l Refugee*, 323 F. Supp. 3d at 731.

**ARGUMENT AND CITATION TO AUTHORITY**

The Court should stay this action because the Fourth Circuit's decision in the *Freeman* Appeal may substantially affect, or be dispositive of, certification question in this case. Further, granting a stay will not prejudice Plaintiff, will simplify the issues, and will thus advance the interest of judicial economy.

**I.     The *Freeman* Appeal Will Substantially Affect Class Certification.**

A stay is appropriate where, as here, the outcome of a pending Fourth Circuit appeal "could be dispositive" of important issues in the case. *See Fowler-Bey v. Johnson*, No. CV PX-18-1235, 2018 WL 11476084, at *1–2 (D. Md. Nov. 30, 2018) (staying case where a "central issue"

effecting plaintiff's claim was pending before the Fourth Circuit); *Int'l Refugee*, 323 F. Supp. 3d at 732 (staying case because "the resolution of the issues before [a higher] Court will likely have a direct impact on the future course of the case, including on the next decisions this Court must make."); *see also Flores v. Jaddou*, No. 1:23-CV-02004-JMC, 2023 WL 7282897, at *2 (D. Md. Nov. 3, 2023) (collecting cases). A stay can also be appropriate even if the *Freeman* Appeal is not fully dispositive of the issues in this case. *See, e.g.*, *NAACP v. United States Dep't of Homeland Sec.*, No. CV DKC 18-0239, 2020 WL 1331998, at *5 (D. Md. Mar. 23, 2020); *Donets v. Vivid Seats LLC*, No. 20-CV-03551, 2020 WL 9812033, at *3 (N.D. Ill. Dec. 15, 2020) (holding that a stay pending a related appeal was still appropriate, even though the appeal was not fully dispositive, because "[r]egardless of whether it disposes of the case, the Seventh Circuit's decision will impact the size of the class").

Plaintiff cannot dispute the likelihood that the *Freeman* Appeal will be dispositive in this case. Plaintiff herself submitted the district court decision in *Freeman* as supplemental authority to this Court in support of her motion for class certification. Dkts. 83 & 83-1. At minimum, the *Freeman* Appeal will substantially affect this Court's decision on class certification. As explained above, this case and *Freeman* were filed by the same plaintiffs' lawyers, assert the same claims challenging the same adjustment, rely on the same expert opinions, and advance substantively identical arguments and legal theories in favor of class certification. Thus, a stay is warranted because guidance from the Fourth Circuit in *Freeman* will likely resolve whether class certification is appropriate in this case.

As noted above, four U.S. Court of Appeals are currently considering a Progressive case challenging the PSA. *Supra.* Progressive has moved for a stay in all of the district courts where an appeal is pending, and in all cases where a decision has been made on Progressive's motion, the

7

stays have been granted by the court or consented to by the plaintiffs' counsel. *See Taxer v. Progressive Universal Ins. Co.*, No. 3:22-cv-01255-HZ, ECF 93, at *7 (D. Or. July 22, 2024) ("[A] stay pending the Ninth Circuit's ruling would help simplify issues and questions of law in this case."); *Wade v. Progressive Northern Ins. Co.*, No. 23-CV-4434, ECF 53 (N.D. Ill. June 21, 2024) (granting stay pending resolution of the *Schroeder* Appeal because "[a] stay avoids the inefficiency of supplemental briefing."); *Watson v. Progressive Direct Ins. Co.*, No. 5:22-cv-00203-DCR, ECF 121 (E.D. Ky. June 21, 2024) (granting stay pending resolution of the *Clippinger* Appeal); *Jones v. Progressive Universal Ins. Co.*, No. 22-CV-364-PP, 2024 WL 2874021, at *3 (E.D. Wis. June 7, 2024) ("The plaintiffs cannot ask this court to rely on the *Schroeder* court's ruling as supplemental authority, then argue that the Seventh Circuit's review of that ruling may not be helpful. A stay promotes judicial economy.") (cleaned up); *Holmes, et al. v. Progressive Universal Ins. Co., et al.*, No. 1:22-cv-00894, ECF 138 (N.D. Ill. May 29, 2024); *Petri, et al. v. Drive New Jersey Ins. Co., et al.*, No. 21-20510, ECF 112 (D.N.J. May 9, 2024). This Court should do the same and stay this case pending the *Freeman* Appeal.

**II.     Other Factors Also Favor a Stay.**

A stay would further the interest of judicial economy. By pausing this case to await guidance from the Fourth Circuit, this Court would blunt the risk of wasted judicial effort and conflicting decisions. *See Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) (staying action pending decision from multi-district litigation panel in the interests of judicial economy and efficiency where doing so "will avoid the needless duplication of work and the possibility of inconsistent rulings"); *but see Maryland Shall Issue, Inc. v. Montgomery Cnty., Maryland*, No. CV TDC-21-1736, 2023 WL 3276497, at *5 (D. Md. May 5, 2023) (denying request for stay because when "constitutional rights are at issue, such delay is not be justified based solely on issues of judicial economy."). This risk is particularly

acute here, where the *Freeman* decision certifying a class is in direct conflict with a decision from the District of North Carolina denying class certification in a substantially similar case filed by the same plaintiffs' counsel challenging an insurer's application of PSAs. *See Henson v. Progressive Premier Ins. Co. of Illinois*, No. 5:22-CV-00182-M, 2024 WL 3051264, at *11 (E.D.N.C. June 10, 2024). Much of the effort and expense the parties will spend to continue litigating this case may prove futile if the Fourth Circuit vacates the decision in *Freeman* or offers other binding guidance which would likely warrant re-briefing on class certification and summary judgment.

The Fourth Circuit's decision may also influence settlement considerations for both parties which could promote resolution without the additional burden to the Court of briefing or hearings. Notably, in asking the district court in *Ambrosio* for a delay of deadlines pending resolution of plaintiffs' own Rule 23(f) petition, counsel informed the district court that they would not even pursue the case if the court's order denying class certification were upheld. *See Ambrosio v. Progressive Preferred Ins. Co.*, No. 2:22-CV-00342-PHX-SMB, ECF No. 101 at 2 ("The resolution of the appeal will have a significant effect on how this [case] proceeds, or whether it proceeds at all, as Plaintiffs will be proceeding with this action only if the Ninth Circuit resolves the appeal in their favor."). There is therefore little doubt that continued litigation is a poor use of the Court's and the parties' resources, where any decision could be called into question based on a subsequent Fourth Circuit decision.

In addition, if this Court were to deny summary judgment and grant class certification, then Progressive's insureds would receive notice of this lawsuit and be informed that they are members of a class. If the *Freeman* decision was subsequently reversed or vacated by the Fourth Circuit, that would almost certainly require that any class in this case be decertified. This back-and-forth

9

would cause confusion among Progressive's insureds, who would receive multiple notices regarding class membership and the subsequent decertification decision.

On the other hand, Plaintiff will not be prejudiced by a stay. While Plaintiff may face some delay in the resolution of this action, courts have held that mere delay, without more, is insufficient to tip the hardship prong in the plaintiff's favor. *See Leading Tech. Composites, Inc. v. MV2, LLC*, No. CV CCB-19-1256, 2020 WL 7489019, at *5 (D. Md. Dec. 21, 2020) (granting stay in part because mere delay does not "diminish the monetary damages" to which plaintiff may be entitled, but "only delays realization of those damages"). There is no reason to believe that such delay would impose financial or other hardship on Plaintiff here. Indeed, Plaintiff's alleged damages are modest at just $543.65. Dkt. 23 ¶ 63. Moreover, there is no basis to believe that any delay would be unnecessarily lengthy. To the contrary, a stay would conserve resources for the Court, as well as for Plaintiff and Progressive. Without a stay, in addition to the potential of advancing the case to summary judgment and a possible hearing on class certification, Plaintiffs and Progressive could also face the prospect of supplemental briefing, re-briefing class certification, or a motion to decertify following the outcome of the *Freeman* Appeal. *See Davis v. Biomet Orthopedics, LLC*, No. CIV. 12-3738-JKB, 2013 WL 682906, at *2 (D. Md. Feb. 22, 2013) (finding prejudice weighed in favor of a stay where Defendant faced "real risk" of "hardship and prejudice if … forced to duplicate its litigation efforts and perhaps face inconsistent decisions in the different courts"). Accordingly, the conservation of judicial and party resources far outweighs any minimal hardship imposed upon Plaintiff if this Court were to await an opinion in the *Freeman* Appeal before proceeding in this case.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court stay this case, including all forthcoming deadlines, pending a final resolution of the *Freeman* Appeal.

Dated July 31, 2024.                                Respectfully submitted by,

*/s/ Taylor T. Lankford*
Taylor T. Lankford

**KING & SPALDING LLP**

Jeffrey S. Cashdan (pro hac vice)
Zachary A McEntyre (pro hac vice)
James Matthew Brigman (pro hac vice)
Allison Hill White (pro hac vice)
Logan R. Hobson (pro hac vice)
Allexia Bowman Arnold (pro hac vice)
1180 Peachtree Street, N.E.
Suite 1600
Atlanta, GA 30309
Phone: 404-572-3584
jcashdan@kslaw.com
zmcentyre@kslaw.com
mbrigman@kslaw.com
awhite@kslaw.com
lhobson@kslaw.com
aarnold@kslaw.com

Julia C. Barrett (pro hac vice)
500 W. 2nd Street
Suite 1800
Austin, TX 78701
Phone: 512-457-2053
jbarrett@kslaw.com

Taylor T. Lankford (Bar No. 20169)
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
tlankford@kslaw.com

## **CERTIFICATE OF SERVICE**

I, Taylor T. Lankford, hereby certify that on this date, July 31, 2024, I caused the foregoing ***Memorandum of Law in Support of Defendant's Motion for Stay*** to be filed with the Clerk of the Court via the Court's CM/ECF system, which will provide electronic mail notice to all counsel of record.

*/s/ Taylor T. Lankford*
Taylor T. Lankford
